Jeff Prostok
State Bar No. 16352500
Emily S. Chou
State Bar No. 24006997
Mary Taylor Stanberry
State Bar No. 24143781
**Vartabedian Hester & Haynes LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: (817) 214-4990
Email: jeff.prostok@vhh.law
      emily.chou@vhh.law
      mary.stanberry@vhh.law

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VILLAGE HOMES, L.P., | § | Case No. 25-43782-mxm11 |
| | § | |
| Debtor. | § | |
| | § | |

**DEBTOR'S APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF VARTABEDIAN HESTER & HAYNES LLP AS
ATTORNEYS FOR THE DEBTOR AS OF THE PETITION DATE**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH ST., RM. 147, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON NOVEMBER 21, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OF MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

Village Homes, L.P. ("Village Homes" or the "Debtor"), the debtor and debtor-in-possession in this chapter 11 case, file this application (the "Application") for entry of an order authorizing the employment and retention of Vartabedian Hester & Haynes LLP (the "Firm," or "VHH") as bankruptcy counsel to the Debtor as of the Petition Date (defined below). In support of this Application, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief sought herein are 11 U.S.C. §§ 327(a), 328(a), and 329, Fed. R. Bankr. P. 2014(a) and 2016(b), and Bankruptcy Local Rules 2014-1 and 2016-1.

## PROCEDURAL HISTORY

2. On October 1, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. The Debtor is managing its property as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

## ABOUT THE DEBTOR

4. Village Homes has been a successful and reputable builder in Fort Worth and

surrounding areas since 1997. As of the Petition date, the Debtor has in its portfolio approximately 117 single-family lots. To finance its homebuilding operations, the Debtor maintains various credit and borrowing facilities with several financial institutions.

5. In October 2024, the Debtor entered into a Real Estate Sales Contract ("RESC") with Olerio Development, LLC ("Proposed Buyer"). Pursuant to the RESC, the Debtor agreed to sell and the Proposed Buyer agreed to purchase 100 vacant lots, the Debtor's name and related intellectual property from the Debtor (the "Proposed Transaction").

6. Pursuant to the terms of the RESC, the Proposed Sale was to close by the end of February 2025. However, the Buyer did not close the Proposed Transaction by the scheduled closing date. As a result, on March 7, 2025, the Debtor terminated the RESC in writing and delivered the termination notice to Proposed Buyer's counsel. On March 14, 2025, the Debtor initiated a lawsuit in the District Court of Tarrant County, Texas ("State Court Action") seeking declaratory judgment that the Proposed Buyer defaulted under the RESC by failing to close, that the Debtor properly and validly terminated the RESC, and other related relief.

7. The Proposed Buyer responded to the State Court Action by filing a counterclaim against the Debtor as well as by recording notices of lis pendens ("Lis Pendens") in the official records of Tarrant County, Texas, and Parker County, Texas. The Lis Pendens covers substantially all of the vacant lots proposed to be sold under the RESC ("Lis Pendens Lots").

8. At this time, the Debtor is primarily relying on its cash on hand to fund ongoing operations due to the chilling effect that the Lis Pendens has had on the marketability of the Debtor's lots.

9. The Debtor commenced this Chapter 11 case in an effort to preserve its viability

---

and protect the various creditor's and consumer buyer's interests.

## RETENTION OF VARTABEDIAN HESTER & HAYNES LLP

10.     By this Application, the Debtor seeks Court approval, pursuant to § 327(a) of the Bankruptcy Code and Rule 2014(a) of the Bankruptcy Rules, to employ and retain Vartabedian Hester & Haynes LLP ("VHH") as its bankruptcy counsel as of the Petition Date. The Debtor requests that the Court approve the retention of VHH as of the Petition Date to perform the extensive legal services that will be necessary during this chapter 11 case.

11.     The Debtor contemplates that VHH will render general legal services to the Debtor as needed throughout the course of this chapter 11 case.  Certain of the legal services that VHH will render to the Debtor may include the following:

(a)     Advising the Debtor of its rights, powers and duties as debtor and debtor in possession continuing to manage its assets;

(b)     Advising the Debtor concerning, and assisting in the negotiation and documentation of, agreements, debt restructurings, and related transactions;

(c)     Advising the Debtor concerning the actions that it might take to collect and to recover property for the benefit of the Debtor's estate;

(d)     Preparing on behalf of the Debtor all necessary and appropriate applications, motions, pleadings, proposed orders, notices, schedules, and other documents and reviewing all financial and other reports to be filed in this chapter 11 case;

(e)     Advising the Debtor concerning, and preparing response to, applications, motions, pleadings, notices and other papers that may be filed and served in this chapter 11 case;

(f)     Counseling the Debtor in connection with the formulation, negotiation and promulgation of one or more plans of reorganization and related documents;

(g)     Performing all other legal services on and on behalf of the Debtor that may be necessary or appropriate in the administration of this chapter 11 case or in the conduct of the bankruptcy case and the Debtor's business,

including advising and assisting the Debtor with respect to debt restructurings, asset dispositions, and general business, tax, finance, and litigation matters; and

(h)    All such other legal services as may be necessary or appropriate in connection with the bankruptcy case.

12.    The Debtor requires knowledgeable counsel to render the above-described essential professional services.  The Debtor has selected VHH as its attorneys because of VHH's extensive experience in the bankruptcy and financial restructuring areas of law.  VHH has significant expertise in the areas of bankruptcy, insolvency, corporate reorganization and debtor-creditor law.  VHH's attorneys have played significant roles in many complex chapter 11 reorganizations.  VHH has particular experience in chapter 11 cases and is well-qualified to represent the Debtor's interests in this case.

## PROPOSED COMPENSATION OF VHH

13.    Subject to the Court's approval, VHH will charge the Debtor for its legal services on an hourly basis at its customary hourly rates, which are subject to change from time-to-time.  The current hourly rates for the professionals who are expected to be most involved in this matter are set forth below[1]:

| Professional | Fee Range |
|---|---|
| Jeff P. Prostok | $975.00 |
| Emily S. Chou | $635.00 |
| Mary Taylor Stanberry | $475.00 |
| Other Firm Attorneys | $475.00 – $975.00 |
| Paralegal/Legal Assistant | $225.00 - $275.00 |

---

[1] These rates are subject to change from time to time.

Application to Employ Vartabedian Hester & Haynes LLP                                        Page 5

14.     In addition, VHH will seek reimbursement of expenses advanced on behalf of the Debtor according to its customary and usual practices.  VHH will maintain detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned legal services.

15.     VHH intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court.  In the event the Application is approved, the Debtor reserves the right to request the implementation of interim compensation procedures with respect to fees and expenses incurred by VHH in the course of its representation of the Debtor in this case; however, any such additional request will be made by separate motion.

**DISCLOSURES**

16.     VHH was retained by the Debtor prior to the Petition Date to provide legal advice to the Debtor, including restructuring and bankruptcy advice, and preparation of the requisite petitions, pleadings, and schedules relating to the commencement of the Debtor's chapter 11 case. In connection with such engagement, the Debtor paid VHH a retainer in the amount of $25,000.00 on September 11, 2025, and a second retainer in the amount of $35,000.00 on September 30, 2025 (collectively, the "Retainer"). Of the total Retainer, $59,918.50 was applied pre-petition to the fees and expenses incurred prior the Petition Date. The unused balance of the Retainer in the amount of $81.50 will be held in trust by VHH and will be available to be applied to post-petition services, as approved by this Court, including pursuant to any procedures for interim compensation approved by the Court.

17.     To the best of the Debtor's knowledge, information and belief, other than as

disclosed in the declaration of Jeff P. Prostok filed concurrently herewith (the "Declaration"), VHH has no connection with the Debtor, its creditors or any other party in interest herein or their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee. VHH has not represented any other party in interest with respect to any matter related to the Debtor.

18. To the best of the Debtor's knowledge, information and belief, VHH represents no interest adverse to the Debtor or to its estate in the matters for which VHH is proposed to be retained and is a "disinterested person" as defined in § 101(14) of the Bankruptcy Code. The Debtor submits that its employment of VHH would be in the best interests of the Debtor, its estate and creditors.

19. The Declaration filed concurrently herewith has been executed on behalf of VHH in accordance with the provisions of §§ 327, 328, 329 and 504 of the Bankruptcy Code, Bankruptcy Rule 2014, N.D. Tex. L.B.R. 2014-1 and 2016-1 and U.S. Trustee Guidelines. The Debtor's knowledge, information and belief regarding the matters set forth herein are based and made in reliance upon said Declaration.

20. No previous application for the relief requested herein has been made in this case.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order authorizing the employment and retention of Vartabedian Hester & Haynes LLP as attorneys for the Debtor, effective as of the Petition Date, on the terms set forth above, and granting the Debtor all other just and proper relief.

Dated: October 31, 2025

Respectfully submitted,

*/s/ Jeff Prostok*
Jeff Prostok
State Bar No. 16352500
Emily S. Chou
State Bar No. 24006997
Mary Taylor Stanberry
State Bar No. 24143781
**Vartabedian Hester & Haynes LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: (817) 214-4990
Email: jeff.prostok@vhh.law
     emily.chou@vhh.law
     mary.stanberry@vhh.law

*Proposed Counsel to Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 31, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system on all parties entitled to receive ECF notice, and via first class United States mail, postage prepaid on the parties listed on the attached Service List.

*/s/ Jeff Prostok*
Jeff Prostok