Jeff Prostok
State Bar No. 16352500
Emily S. Chou
State Bar No. 24006997
Mary Taylor Stanberry
State Bar No. 24143781
**Vartabedian Hester & Haynes LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: (817) 214-4990
Email: jeff.prostok@vhh.law
        emily.chou@vhh.law
        mary.stanberry@vhh.law

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR IN POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VILLAGE HOMES, L.P., | § | Case No. 25-43782-mxm11 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |

**DEBTOR'S APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF BRUNER & BRUNER, P.C. AS SPECIAL COUNSEL
FOR THE DEBTOR AS OF THE PETITION DATE**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH ST., RM. 147, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON NOVEMBER 21, 2025, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OF MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

Village Homes, L.P. ("Village Homes" or the "Debtor"), the debtor and debtor-in-possession in this chapter 11 case, file this application (the "Application") for entry of an order authorizing the employment and retention of Bruner & Bruner, P.C. (the "Firm," or "Bruner P.C.") as special litigation counsel to the Debtor as of the Petition Date (defined below).  In support of this Application, the Debtor respectfully states as follows:

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The bases for the relief sought herein are 11 U.S.C. § 327(e), Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1.

## II.      BACKGROUND

2.      Village Homes has been a successful and reputable builder in Fort Worth and surrounding areas since 1997. During October 2024, Village Homes was building new homes and also owned lots and options to acquire lots in various subdivisions in Tarrant County and Parker County.

3.      Pursuant to the Real Estate Sales Contract ("Contract") executed between Village Homes and VilHom FW Holdings LLC, f/k/a Olerio Development, LLC ("Olerio") on or about October 17, 2024, Village Homes agreed to sell, and Olerio agreed to purchase from Village Homes, the lots and options (the "Property") as more particularly described in

the Contract, as well as certain intellectual property rights including the right to use iterations of the Village Homes name and certain personal property. The Contract provided that time was of the essence. In summary, except for homes Village Homes had already started, Olerio agreed to purchase substantially all of Village Homes' assets.

4.     Pursuant to section 3.1 of the Contract, Olerio made earnest money deposits totaling $300,000, all of which have been released to Village Homes and are non-refundable.

5.     The parties to the Contract contemplated a two (2) stage closing, with the first closing on January 31, and the second closing on February 28. As a result of a clerical error in the drafting of the Contract, however, the Contract provided for a first closing on January 31, 2024, and a second closing on February 28, 2024. Those dates had already passed when the Contract was signed, and the parties meant to use January 31, 2025, for the first closing and February 28, 2025, for the second closing.

6.     On January 28, 2025, in a Zoom meeting with Village Homes' President (Michael Dike) and its counsel (John Broude), Olerio's principal (Lou Olerio) and Olerio's counsel (London O'Dowd), Mr. O'Dowd informed Village Homes that Olerio had lost two (2) tranches of the financing it required to close the transaction contemplated by the Contract. Consequently, Olerio did not tender performance under the Contract and was unable to perform on the first scheduled closing date. Olerio asked if Village Homes would provide more seller financing than the seller financing provided for in the Contract. However, Village Homes declined and refused to modify the Contract.

7.     Following Village Homes' refusal to modify the Contract to provide for more seller financing, Lou Olerio threatened to sue Village Homes and file Notices of Lis Pendens on the Property.

8.      On February 28, 2025, Village Homes tendered closing documents to the title company named in the Contract and copied counsel for Olerio with the tender, inviting comments on the closing documents. Village Homes' closing instruction letter stated that Village Homes was willing to extend the February 28, 2025, closing date to March 7, 2025. Olerio did not respond to Village Homes' proposed closing dates and has never tendered performance.

9.      Olerio failed to close the transaction by February 28, 2025, and did not make any attempt to close the transaction by March 7, 2025, the extended closing date offered by Village Homes. Olerio was not ready, willing, and able to close the transaction on or before March 7, 2025. This constituted a material default under the Contract. Consequently, Village Homes terminated the Contract in writing delivered to Olerio's counsel on March 7, 2025. By email on March 10, 2025, Olerio's counsel disputed the propriety and effectiveness of Village Homes' termination of the Contract.

10.      The Debtor believes that the Contract was validly and effectively terminated based on Olerio's material defaults, that Olerio has no further rights under the Contract, and that Olerio has no legal or equitable interest in the Property.

11.      On March 14, 2025, Village Homes commenced litigation (the "State Court Action") against Olerio in the District Court of Tarrant County, Texas, 352nd Judicial District Court, Cause No. 352-362798-25, for relief including declaratory judgment, award of attorneys' fees, and pre-judgment and post-judgment interest on any award of damages. Olerio has answered and asserted counterclaims against Village Homes for specific performance, breach of contract, monetary damages, and attorneys' fees.

12.      Beginning on or about May 12, 2025, Olerio filed multiple Notices of Lis

Pendens in Tarrant County and Parker County, Texas, stating that title to the Property was a subject of dispute in the State Court Action. The Notices of Lis Pendens covers the lots proposed to be sold under the Contract.

13.     The Notices of Lis Pendens created a cloud on the title of the Debtor's lots, seriously obstructing the Debtor's ability to sell its lots.

14.     On October 1, 2025 ("Petition Date"), Village Homes filed its petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor commenced this chapter 11 case in an effort to preserve its viability and protect its creditors' interests.

15.     On October 8, 2025, Village Homes commenced an adversary proceeding (the "Adversary Proceeding") in this Court against Olerio, Adversary No. 25-04130-mxm, by filing its Original Complaint for a declaratory judgment that the Contract was terminated pre-petition, expungement of lis pendens, and payment of attorneys' fees.

### III.     RETENTION OF BRUNER P.C.

16.     By this Application, the Debtor seeks to employ Bruner P.C. pursuant to section 327(e)[1] of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014(a), and Local Bankruptcy Rule 2014-1 as Debtor's special litigation counsel as of the Petition Date to assist Vartabedian Hester & Haynes LLP ("VHH"), the Debtor's proposed bankruptcy counsel in this case.

17.     Bruner P.C. is based in Fort Worth, Texas.  The attorneys at Bruner P.C. are experienced trial lawyers representing clients in state and federal courts, as well as in

---

[1] Section 327(e) of the Bankruptcy Code authorizes the Debtor to "employ, for a specified purpose … an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

arbitration proceedings.  The Debtor chose Burner P.C. because of its experience and reputation in the areas of contract, business, and real estate disputes.

18.     Prior to the Petition Date, Bruner P.C. represented the Debtor in the State Court Action.  Consequently, Bruner P.C. is familiar with the facts and legal issues relating to the dispute involving the Contract. The employment of Bruner P.C. will further the interests of efficient and effective administration of the Debtor's estate.  If Bruner PC is not employed, costs to the estate will be increased on account of additional time and effort that will be required of VHH's attorneys to get up to speed relating to the dispute involving the Contract. The Debtor believes that Bruner P.C. is well-qualified to represent the Debtor in the Adversary Proceeding.

19.     The Debtor also seeks to engage Bruner P.C. for any other matters that may arise during the Debtor's chapter 11 case in which the services of special litigation counsel may be appropriate and necessary.  To be clear, Bruner P.C. will not assume the role of bankruptcy counsel for the Debtor and the services to be rendered by Bruner P.C. will not be duplicative of the services to be rendered by VHH.  For these reasons, the Debtor has a need to employ Bruner P.C. as special litigation counsel in this case.

## IV.     PROPOSED COMPENSATION OF BRUNER P.C.

20.     Subject to the Court's approval, Bruner P.C. will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates as in effect on the date services are rendered.

21.     The primary counsel at Bruner P.C. who will be working on the Adversary Proceeding are Bryan D. Bruner and Lynne B. Frank.  Mr. Burner's hourly rate is $420.  Ms. Frank's hourly rate is $320.  In addition, Bruner P.C. may use other attorneys or paralegals as

appropriate. The range of rates for lawyers at Bruner P.C. is between $420 and $320 per hour. These are the current hourly rates, and such rates may be adjusted from time to time.

22. Bruner P.C. will seek reimbursement of expenses advanced on behalf of the Debtor according to its customary and usual practices. Bruner P.C. will maintain detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned legal services.

23. Bruner P.C. intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court. In the event the Application is approved, the Debtor reserves the right to request the implementation of interim compensation procedures with respect to fees and expenses incurred by Bruner P.C. in the course of its representation of the Debtor in this case; however, any such request will be made by separate motion.

## V.    DISCLOSURES

24. As set forth above and in the Declaration of Bryan D. Bruner (the "Bruner Declaration") filed concurrently herewith, prior to the Petition Date, Bruner P.C. performed services for the Debtor.

25. To the best of the Debtor's knowledge, information, and belief, other than as disclosed in the Bruner Declaration, Bruner P.C. has no connection with the Debtor, its creditors, or any other parties-in-interest herein or their respective attorneys or accountants.

26. To the best of the Debtor's knowledge, information, and belief, other than as disclosed in the Bruner Declaration, Bruner P.C. has no connection with the United States Trustee, or any person employed in the office of United States Trustee.

27.     To the best of the Debtor's knowledge, information, and belief, Bruner P.C. represents no interests adverse to the Debtor or to its estate in the matters for which it is proposed to be retained.

28.     The Debtor submits that its employment of Bruner P.C. would be in the best interests of the Debtor, its estate and creditors.

29.     The Bruner Declaration filed concurrently herewith has been executed on behalf of Bruner P.C. in accordance with the provisions of section 327 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014 and 2016(b), Local Rule of Bankruptcy Procedure 2016-1, and the U.S. Trustee Guidelines.  The Debtor's knowledge, information, and belief regarding the matters set forth herein are based and made in reliance upon the Bruner Declaration.

30.     No previous application for the relief requested herein has been made in these cases.

## VI.     NOTICE

31.     Notice of this Application will be provided to (i) the Office of the United States Trustee for the Northern District of Texas; (ii) creditors; and (iii) all parties requesting notice.  The Debtor submits that such notice is sufficient and proper and that no other notice need be given.

## VII.     CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order authorizing the employment and retention of Bruner & Bruner, P.C. as special litigation counsel for the Debtor, effective as of October 1, 2025, on the terms set forth above, and granting the Debtor all other just and proper relief

Dated: October 31, 2025

Respectfully submitted,

*/s/ Jeff Prostok*

Jeff Prostok
State Bar No. 16352500
Emily S. Chou
State Bar No. 24006997
Mary Taylor Stanberry
State Bar No. 24143781
**Vartabedian Hester & Haynes LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: (817) 214-4990
Email: jeff.prostok@vhh.law
emily.chou@vhh.law
mary.stanberry@vhh.law

*Proposed Counsel to Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 31, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system on all parties entitled to receive ECF notice, and via first class United States mail, postage prepaid on the parties listed on the attached Service List.

*/s/ Jeff Prostok*
Jeff Prostok