Jeff Prostok
State Bar No. 16352500
Emily S. Chou
State Bar No. 24006997
Mary Taylor Stanberry
State Bar No. 24143781
**Vartabedian Hester & Haynes LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: (817) 214-4990
Email: jeff.prostok@vhh.law
      emily.chou@vhh.law
      mary.stanberry@vhh.law

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR IN POSSESSION

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VILLAGE HOMES, L.P., | ) | Case No. 25-43782-mxm11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### DECLARATION OF BRYAN D. BRUNER IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BRUNER & BRUNER, P.C. AS SPECIAL COUNSEL FOR THE DEBTOR AS OF THE PETITION DATE

I, Bryan D. Bruner, state and declare:

1.    "I am a lawyer licensed to practice in the State of Texas. I am also admitted to practice in various federal courts, including the District Courts and Bankruptcy Courts for the Northern District of Texas.

2.    I am a partner in the law firm of Bruner & Bruner, P.C. ("Bruner P.C." or the "Firm"), which maintains a business address at 550 Bailey Ave., Suite 220, Fort Worth, Texas

76107.

3.      I make this Declaration ("Declaration") in support of the *Debtor's Application for Order Authorizing the Employment and Retention of Bruner & Bruner, P.C. as Special Counsel for the Debtor as of the Petition Date* (the "Application") and to provide the disclosures required under sections 327 and 329 of the Bankruptcy Code, Bankruptcy Rule 2014 and N.D. Tex. L.B.R. 2014-1 and 2016-1.

4.      All capitalized terms not defined in this Declaration shall have the meanings given to them in the Application.

5.      The facts set forth in this Declaration are personally known to me based upon personal knowledge, unless otherwise noted, and if called as a witness I would and could competently testify thereto. To the extent that any information disclosed herein requires amendment or modification, I will submit a supplemental statement to the Court.

6.      The Debtor seeks to employ Bruner P.C. as its special litigation counsel to represent the Debtor in the Adversary Proceeding.

7.      The Debtor contemplates that Bruner P.C. will render specialized legal services to the Debtor as needed. Certain of the legal services that Bruner P.C. will render to the Debtor include the following:

a.   Providing any and all legal services necessary and appropriate to represent the Debtor in the Adversary Proceeding; and,

b.   Performing all other services that may be necessary or appropriate as special counsel for or on behalf of the Debtor in the Debtor's chapter 11 case complementary to, and not in duplication of, the services provided by the Debtor's bankruptcy counsel, Vartabedian Hester & Haynes LLP.

8.      The primary counsel at Bruner P.C. who will be working on Adversary Proceeding are Lynne B. Frank and me. My hourly rate is $420.00. Ms. Frank's hourly rate

is $320.00. In addition, Bruner P.C. may use other attorneys or paralegals as appropriate. The range of rates for lawyers at Bruner P.C. is between $320.00 and $420.00 per hour. These are the current hourly rates, and such rates may be adjusted from time to time.

9. It is Bruner P.C.'s practice to seek reimbursement from its clients for all reasonable and necessary out-of-pocket expenses incurred in connection with its representation, including postage, delivery charges, photocopying charges, travel expenses, computerized research charges, transcription charges, and filing fees. Bruner P.C. customarily maintains detailed records of any actual and necessary or appropriate costs and expenses incurred in connection with the aforementioned legal services. Bruner P.C. will charge the Debtor's estate for such expenses in a manner and at rates consistent with charges made generally to Bruner P.C.'s other clients and consistent with normal practices within this District.

10. Bruner P.C. intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court.

11. Prior to the Petition Date, Bruner P.C. provided legal services to the Debtor in connection with two litigation matters. The Debtor made payments to Bruner P.C. in the ordinary course to satisfy fees and expenses that had been incurred pre-petition. As of the commencement of this case, the Debtor did not owe Bruner P.C. any amount for professional services performed and expenses incurred on behalf of the Debtor through the Petition Date. Bruner P.C. has not been paid a retainer for the services to be provided to the Debtor during its chapter 11 case.

12. Neither I, Bruner P.C., nor any member thereof, insofar as I have been able to

ascertain, represents an interest materially adverse to the Debtor or its estate in the matters upon which Bruner P.C. is to be employed.

13. Except as may specifically be allowed by the Bankruptcy Code, Bruner P.C. has not shared or agreed to share (a) any compensation or reimbursement of expenses it has received or may receive in this chapter 11 case with any person or entity, or (b) any compensation another person or entity has received or may receive in this chapter 11 case.

14. In preparing this Declaration, I or someone under my supervision and direction reviewed documents provided by the Debtor to determine whether Bruner P.C. has any relationship with the parties in this chapter 11 case. To the extent such review indicated that Bruner P.C. had or has a relationship with or connection to any interested party, such relationship or connection is disclosed below.

<u>**Connections with Parties in Interest**</u>

15. Based on information known to date, Bruner P.C.'s connections with the Debtor, creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee, are as follows:

a. Other than Bruner P.C.'s representation of the Debtor prior to the Petition Date, it has no connections to the Debtor, its creditors, or other parties in interest.

b. <u>Attorneys, accountants and other professionals</u>. Bruner P.C. may have worked closely with one or more attorneys, accountants and other professionals who may participate in this chapter 11 case on behalf of the Debtor, creditors, or other parties in interest. Bruner P.C. is not aware of any connection with any such person or entity which would disqualify it from representing the Debtor herein.

c. <u>Office of the United States Trustee or its employees</u>. Bruner P.C. is not aware of any connection with any such person or entity which would

disqualify it from representing the Debtor herein.

    d. <u>Other potential parties in interest</u>. Bruner P.C. has endeavored in good faith to determine connections it may have with the principal creditors and parties in interest in this case based on information provided to it by the Debtor. Nevertheless, it is possible that Bruner P.C. may have other connections unrelated to this chapter 11 case with other persons or entities involved herein. However, Bruner P.C. has not represented any creditor or party in interest in relation to the Debtor, and Bruner P.C. will not represent any person or entity other than the Debtor in this case. Bruner P.C. will supplement this Declaration if Bruner P.C. becomes aware of any connection with any other party in interest that would require disclosure.

16.    The disclosures above are based upon information reasonably available to Bruner P.C. at the time of submission of the Application to the Bankruptcy Court. Bruner P.C. will supplement this Declaration as may be required by the Bankruptcy Code and Bankruptcy Rules if and when any other connection requiring disclosure becomes known."

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: October 30th, 2025

Bryan D. Bruner