

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 11, 2026**

**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| _____ § | | |
| In re: § | Chapter 11 | |
| § | | |
| VILLAGE HOMES, L.P., § | Case No. 25-43782-mxm | |
| § | | |
| Debtor. § | | |
| _____ § | | |

**ORDER GRANTING DEBTOR'S MOTION (A) TO SELL REAL PROPERTY (6713
LAKE OVERLOOK) FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, (B)
TO DISTRIBUTE SALES PROCEEDS, AND (C) FOR RELATED RELIEF**

Came on for consideration the _Debtor's Motion (A) To Sell Real Property (6713 Lake
Overlook) Free and Clear of Liens, Claims, and Interests, (B) To Distribute Sales Proceeds, and
(C) for Related Relief_ [Dkt. No. 351] ("Motion")[1] filed by Village Homes, L.P. ("Debtor"), as
debtor-in-possession.  With respect to the Motion, the Court finds as follows: (a) the Court has
jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334; (b) this bankruptcy case and

_____

[1] Capitalized terms not otherwise defined herein shall have the same meaning given to them in the Motion.

all related matters, including the Motion, have been referred to this Court by the district court

pursuant to 28 U.S.C. § 157(a); (c) the Motion constitutes a "core" proceeding pursuant to 28

U.S.C. § 157(b)(2)(A), (M), and (O); (d) the Court has exclusive core jurisdiction over the real

property of the estate pursuant to 28 U.S.C. § 1334(e); (e) the Court has statutory and constitutional

authority to enter a final order on the Motion; (f) due and proper notice has been given to all

creditors and parties in interest of the Motion; (g) granting the Motion is in the best interest of the

Debtor's bankruptcy estate and its creditors; (h) no objection has been filed to the Motion; and (i)

after due consideration of the Motion, the Court find that it should be granted as set forth herein.

**ACCORDINGLY**, it is hereby **ORDERED** that:

1.      The Motion is **GRANTED**.

2.      The Debtor is hereby authorized, but not directed, to consummate and close the sale

of the 6713 Property in accordance with the terms of the 6713 Agreement.  The 6713 Property is

described in the attached **Exhibit A**.

3.      The 6713 Property shall be sold free and clear of liens, claims and interest of

Worthington Bank with such liens, claims, and interest to attach to the proceeds of the sale under

section 363(f)(5) of the Bankruptcy Code.

4.      The 6713 Property is not one of the Contract Lots and is not included in the Lis

Pendens filed by VilHom.  Accordingly, VilHom has no rights, claims, or interest in the 6713

Property and the Lis Pendens has no legal force or effect on the title of the 6713 Property.  The Lis

Pendens filed by VilHom are identified by their recording numbers in the attached **Exhibit B**.

5.      At the closing of the sale of the 6713 Property, the closing agent is hereby

authorized to distribute the sales proceeds for (a) the payment of normal and customary costs of

sale, including commission, title fees, taxes from prior years, and Debtor's portion of the prorated

current year taxes assessed against the property, and (b) the payment to Worthington Bank of the Release Price for the 6713 Property.[2]

6.      Pursuant to the loan documents between the Debtor and Worthington Bank, Worthington Bank consents to the distribution of the net sale proceeds, after payment of the Release Price and closing costs, to the Debtor for the Debtor's use in the normal course of its business operations and administration of this chapter 11 case.

7.      The Buyer of the 6713 Property as identified in the 6713 Agreement is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.

8.      The 6713 Agreement was negotiated between Buyer and the Debtor at arms-length and in good faith, and Buyer is purchasing the 6713 Property for value.  Accordingly, the Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision.

9.      The fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

10.     The Court retains jurisdiction to enforce and construe this Order.

### **### END OF ORDER ###**

---

[2] The Release Price is approximately $218,058.92 plus accrued interests, costs and fees.

# EXHIBIT A

**Legal Description of 6713 Lake Overlook Dr., Fort Worth, Texas 76135**

Lot 17, Block 3, THE OVERLOOK, an Addition to the City of Fort Worth, Tarrant County, Texas, according to plat filed for record under Clerk's File No. D221006673, Deed Records of Tarrant County, Texas.

# EXHIBIT B

Document Numbers of the Notices of Lis Pendens recorded in Parker County
by Olerio Development, LLC, n/k/a VilHom FW Holdings LLC

202523677

202519077

202519076

202519075

202512490

Document Numbers of the Notices of Lis Pendens recorded in Tarrant County by Olerio
Development, LLC, n/k/a VilHom FW Holdings LLC

D225084484

D225084485

D225084486

D225084487

D225084488

D225084489

D225084490

D225130005