



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 11, 2026**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VILLAGE HOMES, L.P., | § | Case No. 25-43782-mxm |
| | § | |
| Debtor. | § | |
| | § | |

### ORDER GRANTING DEBTOR'S MOTION (A) TO SELL REAL PROPERTY (1146 BAILEY RANCH) FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, (B) TO DISTRIBUTE SALES PROCEEDS, AND (C) FOR RELATED RELIEF

Came on for consideration the *Debtor's Motion (A) to Sell Real Property (1146 Bailey Ranch) Free and Clear of Liens, Claims and Interests, (B) to Distribute Sales Proceeds, and (C) for Related Relief* [Dkt. No. 323] ("Motion")[1] filed by Village Homes, L.P. ("Debtor"), as debtor-in-possession.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning given to them in the Motion.

With respect to the Motion, the Court finds as follows: (a) the Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334; (b) this bankruptcy case and all related matters, including the Motion, have been referred to this Court by the district court pursuant to 28 U.S.C. § 157(a); (c) the Motion constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O); (d) the Court has exclusive core jurisdiction over all real property of the estate pursuant to 28 U.S.C. § 1334(e); (e) the Court has statutory and constitutional authority to enter a final order on the Motion; (f) due and proper notice of the Motion has been given to all creditors and parties-in-interest; (g) no objection to the Motion has been filed; (h) granting the Motion is in the best interest of both the Debtor's bankruptcy estate and its creditors; and (i) after due consideration of the Motion, the Court finds that it should be granted as set forth herein.

**ACCORDINGLY**, it is hereby **ORDERED** that:

1.      The Motion is **GRANTED**.

2.      Pursuant to section 363(c)(1), the Debtor is hereby authorized, but not directed, to consummate and close the sale of the Bailey Ranch Property in accordance with the terms of the Bailey Ranch Agreement.  The Bailey Ranch Property is described in the attached **Exhibit A**.

### Approval of Sale Free and Clear

3.      The Bailey Ranch Property shall be sold free and clear of the liens pursuant to the Bailey Ranch DOT held by Huntington Bank, with such liens under the Bailey Ranch DOT to attach to the proceeds of sale pursuant to section 363(f)(5) of the Bankruptcy Code and applicable non-bankruptcy law and as set forth hereinbelow.[2]

---

[2] The Bailey Ranch DOT is recorded under document number 202320575 in the Official Real Property Records of Parker County, Texas.

4. The Bailey Ranch Property shall be sold free and clear of all rights, claims, and interest, if any, of VilHom, including all rights, claims, and interests, if any, pursuant to the now rejected Asset Sale Contract or the Lis Pendens.

5. Based on the sale free and clear of VilHom's rights, claims, and interest as ordered in paragraph 4 above, and because the Asset Sale Contract has been rejected, the Lis Pendens as identified in the attached **Exhibit B** shall no longer have any legal force or effect on the title of the Bailey Ranch Property.

### Distribution of Sale Proceeds

**A.    Normal and Customary Closing Costs**

6. At the closing of the Proposed Transaction pursuant to the terms of the Bailey Ranch Agreement, the closing agent is hereby authorized to pay, from the sale proceeds the normal and customary costs of sale ("Closing Costs"), including commission, title fees, taxes from prior years, and prorated current year taxes assessed against the property which is the obligation of the Debtor as of the date of closing, but excluding Huntington Bank's Release Price.

**B.    Huntington Bank Release Price**

7. On April 4, 2026, the Debtor filed the *Village Homes, L.P.'s Objection to Proofs of Claim Nos 27 and 28 filed by the Huntington National Bank* [Dkt. No. 287] ("Claims Objection"), objecting to the proofs of claim filed by Huntington Bank in connection with certain unauthorized wire transfers made by Huntington Bank from funds held in the Debtor's debtor-in-possession money market account maintained at Huntington Bank. As of the entry of this Order, the Claims Objection remains pending.

8. On June 3, 2026, the Debtor and Huntington Bank entered into that certain *Stipulation Between Village Homes, L.P. and The Huntington National Bank Relating to*

*Disposition of the Proceeds of the Huntington National Bank's Collateral* [Dkt. No. 381] (the

"Stipulation").  The Stipulation provides for the process of placing proceeds from the sale of

Huntington Bank's collateral into a segregated account ("Segregated Account") designated by the

Debtor pending the resolution of the Claims Objection.  A true and correct copy of the Stipulation

is attached hereto as **Exhibit C**.

9.      After the Closing Costs have been paid, the Release Price for the Bailey Ranch

Property shall be distributed as follows consistent with the terms of the Stipulation:

(a)      First, the interest accrued as of the closing date and the amount of "Other

Fee" shall be deposited into the Segregated Account (the funds deposited into the

Segregated Account, the "Segregated Funds");

(b)      Second, the amount of $91,417.35 from the Release Price shall be paid to

Huntington Bank; and,

(c)      Third, the remaining Release Price net of 9(a) and 9(b) above shall be

deposited into the Segregated Account.

10.      The liens of Huntington Bank under the Bailey Ranch DOT shall attach to the

Bailey Ranch Segregated Funds in the same validity and priority in existence as of the Petition

Date, but subject to all defenses, affirmative defenses, counterclaims, or offsets asserted in the

Claims Objections, the Stipulation, or otherwise agreed to between the Debtor and Huntington

Bank.

11.      The Segregated Funds shall remain in the Segregated Account pending the

resolution of the Claims Objection and further order of this Court.

12.      The Debtor and Huntington Bank each reserves all rights with respect to the Claims

Objection and the Segregated Funds.

**C.      Remaining Sale Proceeds**

13.      The closing agent is authorized to distribute the remaining sale proceeds, net of Closing Costs and the Release Price for the Bailey Ranch Property, to the Debtor for the Debtor's use in the normal course its business operations and administration of this chapter 11 case.

### Good Faith of the Buyer

14.      The Buyer is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.

15.      The Buyer is purchasing the Bailey Ranch Property in good faith and is paying value in the form of the purchase price as set forth in the Bailey Ranch Agreement.  The Buyer is a good faith purchaser entitled to the full protection of section 363(m) of the Bankruptcy Code.

16.      The fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

17.      The Court retains jurisdiction to enforce and construe this Order.

**### END OF ORDER ###**

# EXHIBIT A

## 1146 Bailey Ranch

Lot          22, Block D, PARKS OF ALEDO, THE LAKES, an Addition to the City of Aledo, Parker County, Texas, according to plat recorded in Cabinet F, Slide 427, Deed Records of Parker County, Texas.

# EXHIBIT B

Notices of Lis Pendens filed by VilHom FW Holdings, LLC, f/k/a Olerio Development, LLC

<u>Parker County</u>:

Notice of Lis Pendens – Document No. 202523677

Notice of Lis Pendens – Document No. 202519077

Notice of Lis Pendens – Document No. 202519076

Notice of Lis Pendens – Document No. 202519075

Notice of Lis Pendens – Document No. 202512490

<u>Tarrant County</u>:

Notice of Lis Pendens – Document No. D225084490

Notice of Lis Pendens – Document No. D225130005

Notice of Lis Pendens – Document No. D225084487

Notice of Lis Pendens – Document No. D225084486

Notice of Lis Pendens – Document No. D225084488

Notice of Lis Pendens – Document No. D225084489

Notice of Lis Pendens – Document No. D225084484

Notice of Lis Pendens – Document No. D225084485

# EXHIBIT C

# Stipulation

J. Robert Forshey
State Bar No. 07264200
Emily S. Chou
State Bar No. 24006997
**Vartabedian Katz Hester & Haynes LLP**
301 Commerce St., Ste 2200
Fort Worth, TX 76012
Tel: 817-214-4990
Fax: 817-214-4988
bobby.forshey@vkhh.com
emily.chou@vkhh.com

ATTORNEYS FOR DEBTOR
AND DEBTOR IN POSSESSION

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| VILLAGE HOMES, L.P., | § § | Case No. 25-43782-mxm |
| Debtor. | § § § | |

### STIPULATION BETWEEN VILLAGE HOMES, L.P. AND THE HUNTINGTON NATIONAL BANK RELATING TO DISPOSITION OF THE PROCEEDS OF THE HUNTINGTON NATIONAL BANK'S COLLATERAL

This *Stipulation Between Village Homes, L.P. and The Huntington National Bank Relating to Disposition of the Proceeds of The Huntington National Bank's Collateral* ("Stipulation") is between Village Homes, L.P. ("Debtor"), as the debtor-in-possession, and The Huntington National Bank, as successor by merger to Veritex Bank ("Huntington").

1.      The Debtor has proposed its *Second Amended Chapter 11 Plan of Reorganization for Debtor Village Homes, L.P.* [Docket no. 317] ("Plan").  Reference is here made to the Plan for all purposes.  Defined terms in the Plan are given the same meaning in this Stipulation.

2.      Huntington has filed proof of claim nos. 27 and 28 (collectively, the "Huntington

Page 1

POCs") against the Debtor.  The Debtor has filed *Village Homes, L.P.'s Objection to Proofs of Claim Nos. 27 and 28 filed by the Huntington National Bank* ("Huntington Objection") [Docket no. 287] objecting to the Huntington POCs.  Huntington has filed its *Huntington National Bank's Response to Debtor's Objection to Proofs of Claim Nos. 27 and 28* ("Response") [Docket no. 333] responding to the Objection.

3.      The Debtor owns the following lots (collectively, the "Huntington Bank Collateral" and each a "Huntington Lot") which are pledged to Huntington as collateral:

| Property | Loan # | Release Price |
|---|---|---|
| 1146 Bailey Ranch | 30071236748 | $118,863.39 |
| 613 Hummingbird Dr. | 30071236759 | $90,303.96 |
| 715 Blackbird | 30071236766 | $97,500.00 |
| 719 Blackbird | 30071236767 | $97,500.00 |
| 2021 Grey Birch | 30071236767 | $69,750.00 |
| 2236 Rolling Oaks | 30071236767 | $69,750.00 |
| 2229 Heather Hills | 30071236767 | $69,750.00 |
|  | **Total:** | **$613,417.35** |

The above release price is the principal amount of the loans against each Lot and does not include interest or attorney's fees that are due to Huntington pursuant to the loan documents.

4.      The unpaid principal balance of the debt secured by the Huntington Bank Collateral is $613,417.35, with interest accruing thereon at the non-default contract rate plus attorney's fees as provided in the loan documents.

5.      In the Objection, the Debtor asserts that Huntington improperly paid $520,000 from

Page 2

the Debtor's money market account.  In the Response, Huntington denies all such allegations by the Debtor.

6.      The Debtor is actively marketing the Huntington Bank Collateral and has filed the following motions with the Bankruptcy Court to sell specific Huntington Lots:

a)      A Motion at docket no. 302 to approve the sale of 613 Hummingbird Drive and 715 and 719 Blackbird;

b)      A Motion at docket no. 323 to approve the sale of 1146 Bailey Ranch; and

c)      A Motion at docket no. 365 to approve the sale of 2021 Grey Birch, 2236 Rolling Oaks Drive, and 2229 Heather Hills Drive.

The above motions, and any other pleading for the sale by the Debtor of any of the Huntington Lots, are hereinafter collectively referred to as the "Huntington Sale Motions."

7.      As used herein, the term "Huntington Proceeds" shall mean the net proceeds from any sale by the Debtor or Reorganized Debtor of any of the Huntington Lots after the payment of reasonable and ordinary costs of sale and property taxes assessed against the property, including any proration of property taxes for the current year.  Upon the sale of any of the Huntington Lots, Huntington will release its Lien against the Huntington Lot so sold by the Debtor so long as the Huntington Proceeds are at least equal to the "Release Price" set forth in paragraph 3 above plus accrued interest and attorney's fees on the loan secured by the Huntington Lot so sold through the date of closing.  The Huntington Proceeds shall be paid into the "Huntington Escrow Account" which shall be a segregated interest-bearing account in the name of the Debtor or Reorganized Debtor at a Worthington Bank.  Huntington and the Debtor hereby agree that the Huntington Proceeds shall be paid and distributed as follows:

a)      First, for the payment into the Huntington Escrow Account of a sum equal to the

interest accrued on the specific loan secured by each of the Huntington Lots so sold through the closing date, calculated using the non-default contract rate of interest;

b)    <u>Second</u>, to pay into the reasonable Huntington Escrow Account an amount to cover Huntington's reasonable attorney's fees on the transaction.  If the parties cannot agree on the amount of such fees, then either Debtor or Huntington may move the Court to determine the amount of such attorney's fees to be paid into the Huntington Escrow Account;

c)    <u>Third</u>, to pay to Huntington the sum of $91,417.35;

d)    <u>Fourth</u>, to pay the sum of $520,000 into the Huntington Escrow Account; and

e)    The balance of the Huntington Proceeds shall be paid to and retained by the Debtor free and clear of any Lien or Claim by Huntington.

8.    Huntington's Liens against any of the Huntington Lots so sold, and its Claims pursuant to the Huntington POCs, shall attach to the Huntington Proceeds held in the Huntington Escrow Account, although subject to all such Claims, offsets, counterclaims, and defenses as may be asserted by the Debtor, including those set forth in the Objection.

9.    Beginning on the first Business Day of the first month after which the first Huntington Proceeds are paid into the Huntington Escrow Account, and on the first day of each successive calendar month thereafter, the Debtor shall pay $2,000 into the Huntington Escrow Account until the funds held in the Huntington Escrow Account are distributed pursuant to the Plan or released based upon an order of the Court.

10.    The Huntington Objection shall be converted to an adversary proceeding ("<u>Huntington Adversary Proceeding</u>").  The Bankruptcy Court shall determine the Final Allowed Amount of the Huntington Claim through the Huntington Adversary Proceeding, which shall be the amount due to Huntington net of all Claims, offsets, credits, and counterclaims by the Debtor,

including all Estate Claims or Defenses which relate to Huntington or the Huntington Bank Collateral.

11.     Both Huntington and the Debtor reserve all rights, Claims for affirmative relief, counterclaims, offsets, and defenses, including through the Objection, Huntington's Response and the Huntington Adversary Proceeding, with respect to the Huntington Proceeds and the Huntington Escrow Account .

12.     This Stipulation shall be incorporated into the Plan and shall supersede subsections (c), (d), (e), and (f) of section 4.07 of the Plan dealing with the treatment of Huntington's Class 2F Secured Claim.

13.     Huntington shall timely return a Class 2F Ballot voting to accept the Plan so long as it incorporates this Stipulation.

14.     This Stipulation shall likewise be automatically incorporated into each of the Huntington Sale Motions for the sale by the Debtor of any of the Huntington Lots.

By the signature of their counsel below, the above is so **STIPULATED** and **AGREED** by the Debtor and Huntington.

Dated: June 3, 2026

*/s/ J. Robert Forshey*_____
J. Robert Forshey
State Bar No. 07264200
Emily S. Chou
State Bar No. 24006997
**Vartabedian Katz Hester & Haynes LLP**
301 Commerce St., Ste 2200
Fort Worth, TX 76012
Tel: 817-214-4990
Fax: 817-214-4988
bobby.forshey@vkhh.com
emily.chou@vkhh.com
**ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION**

*/s/ Michael D. Napoli*
Michael D. Napoli
**Akerman LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
michael.napoli@akerman.com

**ATTORNEY FOR THE HUNTINGTON
NATIONAL BANK**